**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**RODNEY SCOTT SLONE**, *et al.*,

      **Plaintiffs**,

  v.                                            **Civil Action 2:20-cv-5344
Judge Michael H. Watson
Magistrate Judge Chelsey M. Vascura**

**ALLSTATE VEHICLE AND
PROPERTY INSURANCE
COMPANY**, *et al.*,

      **Defendants.**

**REPORT AND RECOMMENDATION**

Plaintiff Rodney Scott Slone[1] commenced this action in state court against Defendants, Allstate Vehicle and Property Insurance Company ("Allstate"); PS Insurance Group, LLC ("PS Insurance Group"); Allstate Portia Spradlin Agency ("Spradlin Agency"); and Portia Spradlin, arising out of denial of insurance coverage for losses sustained in a fire at Plaintiffs' property. Defendants removed this action, relying on diversity jurisdiction under 28 U.S.C. § 1332, and contending that non-diverse Defendants PS Insurance Group, Spradlin Agency, and Portia Spradlin (collectively, the "Agent Entities") were fraudulently joined. This matter is before the Court on Plaintiff Rodney Scott Slone's Motion to Remand Pursuant to 28 U.S.C. § 1447 (ECF No. 21). For the following reasons, it is **RECOMMENDED** that Slone's Motion to Remand be **DENIED**, and that the claims against the fraudulently joined Agent Entities be **DISMISSED**.

---

[1] Angela Dawn Oliver was originally named as a Defendant in Rodney Scott Slone's Complaint in view of her interest in the insurance proceeds that Slone sought to recover; however, this Court subsequently realigned Angela Dawn Oliver as a Plaintiff. (ECF No. 14).

## I. BACKGROUND

Defendant Allstate issued a policy of insurance (the "Policy") to Slone, with a renewal effective date of February 4, 2019, insuring Plaintiff's residence and personal property against fire and related loss. (Compl. ¶ 8, ECF No. 5.) Allstate sold the Policy to Slone "through its agent(s), Defendant Allstate Portia Spradlin Agency and/or Defendant Portia Spradlin and/or Defendant PS Insurance Group." (*Id.* ¶ 6.) Slone was the sole occupant and user of the residence at the time of the loss, although his ex-wife, Plaintiff Angela Dawn Oliver, maintained an interest in the house (the nature of which is unclear from the Complaint). (*Id.* ¶ 12.) Pursuant to an agreement between Slone and Oliver, Slone "paid . . . all Policy premiums to Defendant Allstate, and was likewise a named insured on said Policy referenced *supra*." (*Id.* ¶ 13.)

On September 5, 2019, the insured residence and personal property were destroyed in a fire. (*Id.* ¶ 6.) Slone alleges that "Defendant Allstate is obligated under the Policy to pay in full all property losses that [Slone] incurred as a result of the fire which occurred on or about September 5, 2019 at the insured premises" and that, "[t]o date, Defendant Allstate has failed to pay [Slone] for the loss of the dwelling; has failed to pay [Slone] for the personal property loss; and likewise, has failed to pay [Slone] for other applicable coverages." (*Id.* ¶¶ 16, 18.)

Slone commenced this action in the Court of Common Pleas for Pike County, Ohio, on September 8, 2020. (Compl., ECF No. 5.) Slone's Complaint advances claims against Allstate and the Agent Entities for declaratory judgment (Count One), estoppel (Count Six), and errors and omissions (Count Seven), as well as claims solely against Allstate for breach of contract (Count Two), bad faith (Count Three), negligent and intentional infliction of emotional distress (Counts Four and Five), and vicarious liability (Count Eight).[2] Defendants removed the action to

---

[2] Slone also included Count Nine, requesting that Oliver "be required to appear in this action and set forth any [claimed interest in the insured property] or be forever barred," and Count Ten,

this Court on October 11, 2020, relying on diversity jurisdiction under 28 U.S.C. § 1332. (Notice of Removal, ECF No. 1.) Although Defendants acknowledge that diversity of citizenship does not exist between Plaintiffs and the Agent Entities (all of whom are citizens of Ohio), Defendants contend that the Agent Entities were fraudulently joined as defendants and therefore their citizenship should be disregarded for purposes of diversity jurisdiction. (*Id.* ¶¶ 19–24.) Defendants promptly filed a motion to dismiss the Agent Entities as Defendants on this basis. (ECF No. 9.) That motion is fully briefed and remains pending. Slone then filed the present Motion to Remand, contending that complete diversity of citizenship is lacking and that the Agent Entities were not fraudulently joined. (ECF No. 21.) Defendants filed a memorandum in opposition, reiterating the arguments in their Motion to Dismiss. (ECF No. 24.) Slone did not file a reply in support of his Motion to Remand and the time to do so has now expired.

## II. STANDARD OF REVIEW

"A party who removes a case involving non-diverse parties to federal court on diversity grounds will defeat a motion to remand if it can show that the non-diverse parties were fraudulently joined." *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 951 (6th Cir. 2011). A defendant is fraudulently joined if it is "clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law . . . ." *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 432–33 (6th Cir. 2012) (quoting *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)). "[I]f there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, [the] Court must remand the action to state

---

which appears to be an attempt at a placeholder claim against "Defendants John Doe 1–5" who are "intended to be any and all individuals, companies, and/or entities, who are liable to [Slone]" or "who may claim to have some interest in the premises at issue." Neither of these Counts is relevant to the present Motion to Remand.

3

court." *Coyne ex rel. Ohio v. Am. Tobacco Co.,* 183 F.3d 488, 493 (6th Cir. 1999) (internal citations and quotations omitted). "The non-moving party's motive for joining the non-diverse party to the lawsuit is 'immaterial to [the Court's] determination regarding fraudulent joinder.'" *Walker*, 443 F. App'x at 951 (quoting *Jerome–Duncan, Inc. v. Auto–By–Tel, L.L.C.,* 176 F.3d 904, 907 (6th Cir.1999)). The removing party bears the burden of establishing fraudulent joinder. *Alexander,* 13 F.3d at 949.

When determining whether a party has been fraudulently joined, courts apply a test similar to, but "arguably even more deferential" than, the analysis applicable to a Rule 12(b)(6) motion to dismiss. *Walker*, 443 F. App'x at 954; *see also Casias*, 695 F.3d at 433. As appropriate, the Court "may look to material outside the pleadings for the limited purpose of determining whether there are 'undisputed facts that negate the claim.'" *Casias*, 695 F.3d at 433 (quoting *Walker*, 443 F. App'x at 955–56). The district court must resolve "all disputed questions of fact and ambiguities in the controlling . . . state law in favor of the non removing party." *Coyne*, 183 F.3d at 493 (quoting *Alexander*, 13 F.3d at 949)*.* All doubts as to the propriety of removal are resolved in favor of remand. *Id.* (citing *Alexander*, 13 F.3d at 949).

### III.     ANALYSIS

Slone acknowledges in his Motion to Remand that the only claims he asserts against the Agent Entities are for declaratory judgment (Count One), estoppel (Count Six), and errors and omissions (Count Seven). (Mot. to Remand 4, ECF No. 21.) The Court's task is therefore to determine whether it is "clear that there can be no recovery under the law of [Ohio] on the cause alleged or on the facts in view of the law" as to these three claims against the Agent Entities. *Casias*, 695 F.3d at 432–33. The undersigned considers each of these claims in turn.

A. **Declaratory Judgment**

Under Ohio law, declaratory relief is available to the plaintiff if he can show (1) that a real controversy exists between the parties, (2) the controversy is justiciable, and (3) speedy relief is necessary to preserve the parties' rights. *Brondes Ford Maumee Ltd. v. KJAMS, LLC*, 2017-Ohio-4015, 91 N.E.3d 306, ¶ 16 (6th Dist.) (citing *Moore v. City of Middletown*, 133 Ohio St.3d 55, 2012-Ohio-3897, 975 N.E.2d 977, ¶ 49).

Slone's Count One for declaratory judgment does not provide him with a colorable claim for relief against the Agent Entities. Count One provides in its entirety as follows:

> 18. Defendant Allstate is obligated under the Policy to pay in full all property losses that Plaintiff incurred as a result of the fire which occurred on or about September 5, 2019 at the insured premises.
>
> 19. An actual controversy of a justiciable nature currently exists between Plaintiff and Defendant Allstate; and/or Defendant Allstate Portia Spradlin Agency; and/or Defendant Portia Spradlin; and/or Defendant PS Insurance Group; and/or Defendant Oliver; and/or Defendants John Doe 1–5 concerning the rights of the parties with respect to coverage for such loss. The controversy is of sufficient immediacy to justify the issuance of a declaratory judgment.
>
> 20. The issuance of declaratory relief by this Court will terminate all or most of the existing controversy between the parties.

(Compl. ¶¶ 18–20, ECF No. 5.)

Slone's allegations connecting the Agent Entities to his claim for declaratory judgment are general and conclusory. Nowhere in this Count does Slone describe the nature of the alleged justiciable controversy between Slone and the Agent Entities, nor the nature of the alleged immediacy required to preserve the parties' rights. The only justiciable controversy mentioned in Count One is Slone's claim for insurance coverage under the Policy issued by Allstate. Other references in the Complaint to a declaratory judgment similarly pertain only to Allstate. In the introductory section, Slone states, "Plaintiff seeks a declaration of the rights, duties, and liabilities of the parties under the insurance policy issued by Defendant Allstate with respect to

5

the destruction of the premises and personal property caused by said fire . . . ." (Compl. ¶ 6, ECF No. 5.) Further, Slone's prayer for relief related to the declaratory judgment asks "[t]hat judgment be granted in favor of Plaintiff and against Defendant Allstate declaring that the losses resulting from the September 5, 2019 fire at the insured property is fully covered by the policy." (*Id.*, Prayer for Relief, ¶ 1.) Thus, the prayer for relief makes no mention of a declaration against, or even involving, the Agent Entities.

Importantly, Slone does not allege a contractual relationship with any of the Agent Entities anywhere in the Complaint. Slone alleges that Allstate sold him a policy of insurance "through" the Agent Entities, but throughout the Complaint, Slone alleges that the policy was issued by Allstate, that Slone paid all premiums to Allstate, that Allstate is liable to Slone under the policy, that Allstate denied him coverage, and that Allstate breached its obligations under the policy. (Compl. ¶¶ 6, 8–10, 16, 18, 22, 25.) Slone makes no comparable allegations against the Agent Entities. In fact, other than alleging that the Agent Entities worked with Slone and/or Oliver to procure the insurance policy in question from Allstate, Slone's Complaint does not allege any involvement by the Agent Entities. Moreover, Defendants attached a Proof of Coverage letter to their Notice of Removal reflecting that the Policy was issued by "Allstate Vehicle and Property Insurance Company," and not by any of the Agent Entities. (ECF No. 1-4.)[3]

The parties are thus in agreement that the Policy was issued by Allstate alone, and therefore no other person or entity can be liable to Slone pursuant to its terms. *See*, *e.g.*,

---

[3] Although the Proof of Coverage letter is outside the pleadings, Slone has not objected to its consideration or authenticity, and his allegations are consistent with its contents. The Policy's issuance by Allstate is therefore an "undisputed fact" outside the pleadings that the Court may consider. *Casias*, 695 F.3d at 433.

*Samadder v. DMF of Ohio, Inc.*, 154 Ohio App. 3d 770, 2003-Ohio-5340, 798 N.E.2d 1141, ¶ 25 (10th Dist.) ("[A] contract is only binding upon parties to a contract and those in privity with them."); *Sobh v. Am. Family Ins. Co.*, 755 F. Supp. 2d 852, 855 (N.D. Ohio 2010) ("[W]ithout privity, Ohio does not recognize, and has no remedy for, a contract action.") (citing *Mahalsky v. Salem Tool Co.,* 461 F.2d 581, 584 (6th Cir.1972)). As Slone's claim for declaratory judgment turns on Allstate's obligations under the Policy, it is clear that Slone cannot recover against the Agent Entities on Count One.

**B. Estoppel**

As a threshold matter, "the great majority of Ohio courts, including the Ohio Supreme Court, have recognized that equitable estoppel is a defense and not an independent cause of action." *Lopardo v. Lehman Bros.*, 548 F. Supp. 2d 450, 468 (N.D. Ohio 2008) (citing, *inter alia*, *Doe v. Archdiocese of Cincinnati,* 109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268, ¶ 43 (2006)). "[E]stoppel is, according to the usual statement, a shield, not a sword. It does not furnish a basis for damages claims, but a defense against the claim of the stopped party." *First Fed. Sav. & Loan Ass'n of Toledo v. Perry's Landing, Inc.,* 11 Ohio App.3d 135, 145, 463 N.E.2d 636 (6th Dist. 1983). "Because equitable estoppel does not constitute a cause of action, appellants cannot prevail on such a 'claim.'" *Ford Motor Credit Co. v. Ryan*, 189 Ohio App. 3d 560, 2010-Ohio-4601, 939 N.E.2d 891, ¶ 95 (10th Dist.). On this basis alone, therefore, it is clear Slone can obtain no recovery against the Agent Entities (or any Defendant) on an estoppel cause of action.

Nor does considering the substance of Slone's estoppel allegations save the claim. Count Six reads as follows:

> 35. Defendant Allstate; and/or Defendant Allstate Portia Spradlin Agency; and/or Defendant Portia Spradlin; and/or Defendant PS Insurance Group are equitably estopped from denying Plaintiff's insurance claim for non-cooperation, or any

7

> other basis, as: (1) Plaintiff fully cooperated in the investigation and handling of the claim to the best of his abilities; (2) Defendant Allstate had no legitimate basis to conduct any fraud investigation regarding Plaintiff's claims; (3) the scope of Defendant Allstate's document requests were unreasonable; (4) any time limits set by Defendant Allstate for the production of requested documents were unreasonable and not dictated by the terms of the insurance policy; (5) to date, Plaintiff has produced all requested documents in his possession (6) Defendants accepted premium payments from Plaintiffs at all relevant times herein; and (7) Plaintiff is the named insured on the Policy at issue.
>
> 36. The court should exercise its equitable jurisdiction to estop Defendant Allstate; and/or Defendant Allstate Portia Spradlin Agency; and/or Defendant Portia Spradlin; and/or Defendant PS Insurance Group from denying Plaintiff's insurance claim on the basis of lack of cooperation, or any other basis.

(Compl. ¶¶ 35–36, ECF No. 5.) Accordingly, Slone seeks to have the Court estop the Agent Entities from denying Slone's insurance claim. But, as discussed above, Slone has no policy of insurance with the Agent Entities. The only relevant Policy was issued by Allstate, and the only alleged denial of coverage was issued by Allstate. *See* Compl. ¶¶ 16 ("Defendant Allstate further issued a denial of coverage letter dated September 2, 2020 . . . ."), 25 (alleging that "the subsequent denial of Plaintiff's claims regarding the [fire] constitute bad faith and is in violation of Defendant Allstate's duty of good faith and fair dealing . . . ."). The Agent Entities are simply not in a position to deny coverage because the coverage in question was provided by Allstate, not the Agent Entities. Accordingly, it is clear that Slone cannot recover from the Agent Entities on his claim for estoppel.

**C.     Errors and Omissions**

Although entitled "errors and omissions," it is clear from the substance of Slone's Count Seven that he intends to advance a negligent procurement claim against the Agent Entities. As explained by Ohio's Fourth District Court of Appeals, Ohio recognizes a negligent procurement claim premised on an insurance agent's failure to procure insurance:

> In the insurance context, an action for negligence may be based upon an insurance agent's failure to procure insurance. *Minor v. Allstate Ins. Co.* (1996), 111 Ohio

8

>
> App.3d 16, 21, 675 N.E.2d 550, 554. An agent will be held liable if, "as a result of his or her negligent failure to perform that obligation [to procure insurance], the other party to the [insurance] contract suffers a loss because of a want of insurance coverage contemplated by the agent's undertaking." *Id.* If an insurance agent's negligence results in coverage less than that desired by an insured, the agent will be liable for the amount the insured would have received had the correct coverage been in place. *Id. See, also*, 3 Russ & Segalla, Couch on Insurance 3d (1997), Sections 46:46 and 46:71.

*Robson v. Quentin E. Cadd Agency*, 179 Ohio App. 3d 298, 2008-Ohio-5909, 901 N.E.2d 835, ¶ 19 (4th Dist.) (quoting *Carpenter v. Scherer–Mountain Ins. Agency*, 135 Ohio App. 3d 316, 326, 733 N.E.2d 1196 (4th Dist. 1999)).

> Here, Slone alleges his negligent procurement claim as follows:
>
> 38. Plaintiff was an insured of Defendant Allstate Portia Spradlin Agency; and/or Defendant Portia Spradlin; and/or Defendant PS Insurance Group.
>
> 39. Defendant Allstate Portia Spradlin Agency; and/or Defendant Portia Spradlin; and/or Defendant PS Insurance Group held themselves out to their customers to be competent and knowledgeable in the field of insurance.
>
> 40. Defendant Allstate Portia Spradlin Agency; and/or Defendant Portia Spradlin; and/or Defendant PS Insurance Group encouraged their customers/insureds to rely upon their advice and counsel with regards to insurance matters.
>
> 41. A fiduciary relationship existed between Plaintiff and Defendant Allstate Portia Spradlin Agency; and/or Defendant Portia Spradlin; and/or Defendant PS Insurance Group.
>
> 42. Plaintiff relied on the advice and good faith of Defendant Allstate Portia Spradlin Agency; and/or Defendant Portia Spradlin; and/or Defendant PS Insurance Group to take appropriate measures to insure the premises at issue; Plaintiff's personal property; and other coverages.
>
> 43. In the event that Plaintiff is deemed not to be an insured of Defendant Allstate, or deemed that coverage of Defendant Allstate should not apply to Plaintiff, then Defendant Allstate Portia Spradlin Agency; and/or Defendant Portia Spradlin; and/or Defendant PS Insurance Group breached their contract to provide coverage to Plaintiff and breached their duty to Plaintiff resulting in Plaintiff's damages.

(Compl. ¶¶ 38–43, ECF No. 5.) This claim is not viable for a number of reasons.

9

First, the undersigned gives no credence to Slone's allegations in this Count that he was "an insured of" the Agent Entities or that the Agent Entities "breached their contract to provide coverage to" Slone. (*Id.* ¶¶ 38, 43.) As discussed above, it is undisputed that the only relevant insurance policy was issued by Allstate, and Slone has nowhere in the Complaint alleged the existence of any type of contract between himself and the Agent Entities. Even under the lenient fraudulent joinder standard, the undersigned cannot accept these stray, bare allegations of insurance coverage and contractual obligation in the face of myriad allegations to the contrary in Slone's Complaint.

Second, Slone has not adequately alleged the existence of a fiduciary relationship between himself and the Agent Entities. "[W]hile the law has recognized a public interest in fostering certain professional relationships, such as the doctor-patient and attorney-client relationships, it has not recognized the insurance agent-client relationship to be of similar importance." *Tornado Techs., Inc. v. Quality Control Inspection, Inc.*, 2012-Ohio-3451, 977 N.E.2d 122, ¶ 27 (8th Dist.). "Generally, the relationship between an insurance agent and his client is not a fiduciary relationship, but rather, an ordinary business relationship." *Advent v. Allstate Ins. Co.*, 10th Dist. Franklin No. 05AP–1092, 2006-Ohio-2743, ¶¶ 14-15. And although a fiduciary relationship can arise when both parties understand that a special trust or confidence has been reposed, *Ed Schory & Sons, Inc. v. Soc. Natl. Bank*, 75 Ohio St. 3d 433, 442, 662 N.E.2d 1074 (1996), a fiduciary relationship cannot be created unilaterally: both Slone and the Agent Entities must have understood that Slone was placing a special trust or confidence in the Agent Entities. *See Slovak v. Adams*, 141 Ohio App. 3d 838, 846–47, 753 N.E.2d 910 (6th Dist. 2001). Slone's Complaint is devoid of any allegations suggesting that the Agent Entities knew

10

or should have known that they were undertaking a fiduciary role with respect to Slone, and therefore they cannot have breached any fiduciary duty.

Third, Slone's claim for negligent procurement is not ripe. Count Seven states, "*In the event that* Plaintiff is deemed not to be an insured of Defendant Allstate, or deemed that coverage of Defendant Allstate should not apply to Plaintiff . . .," indicating that, at this time, Slone has not been deemed not to be an insured of Allstate and Allstate has not determined that coverage should not apply to Slone. (Compl. ¶ 43, ECF No. 5) (emphasis added). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal quotation marks and citation omitted). "The basic principle of ripeness may be derived from the conclusion that judicial machinery should be conserved for problems which are real or present and imminent, not squandered on problems which are abstract or hypothetical or remote." *State ex rel. Elyria Foundry Co. v. Indus. Comm.*, 82 Ohio St. 3d 88, 89, 694 N.E.2d 459 (1998) (internal quotation marks and citation omitted). As the events that would trigger liability for negligent procurement have not at this time occurred, Slone's negligent procurement claim remains hypothetical and is not ripe.

Finally, even if Slone had alleged that Allstate already determined that Slone was not a covered insured under the Policy, there is undisputed evidence that negates this claim. Allstate's Proof of Coverage Letter confirms that both Slone and Oliver were named insureds under the Policy from July 3, 2019, through at least October 9, 2020. (Proof of Coverage Letter, ECF No. 1-4.) Slone has not disputed the accuracy, authenticity, or admissibility of this letter, despite multiple opportunities to do so in briefing both his Motion to Remand and Defendants' Motion to Dismiss. Thus, Slone was a named insured and Policy coverage was in effect for him on the

11

date of the loss, and the Agent Entities did not fail to procure any relevant insurance. It is therefore clear that Slone cannot recover from the Agent Entities on his claim for errors and omissions.

## IV. DISPOSITION

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's Motion to Remand be **DENIED** and that Defendants PS Insurance Group, LLC, Allstate Portia Spradlin Agency, and Portia Spradlin be **DISMISSED** from this case.

## V. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE